UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRINCETON E. BROWN,<br><br>                    Plaintiff,<br><br>    v.<br><br>TWIN RIVERS CORRECTIONAL COMPLEX, *et al.*,<br><br>                    Defendants. | Case No. C12-1235-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Princeton E. Brown applies to proceed *in forma pauperis* ("IFP") with a proposed 42 U.S.C. § 1983 complaint.  (Dkts. 1, 1-1.)  He alleges that the prison and its officers violated his civil rights by suspending visitation rights with his wife and children for twelve months instead of the standard three months when an empty bottle of alcohol found in his wife's car was mischaracterized as an attempt to smuggle contraband.  (Dkt. 1-1, at 3.)  The Court recommends **DISMISSING** this matter for failure to state a claim because "it is well-settled that prisoners have no constitutional right while incarcerated to contact visits." *Gerber v. Hickman*, 291 F.3d 617, 620 (9th Cir. 2002) (en banc); *see* 28 U.S.C. § 1915A(b)(1).  The Court also recommends **DENYING** the IFP application (Dkt. 1) as moot.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff states that in May 2012, his wife consented to a search of her person and vehicle in which an empty, miniature bottle of alcohol was found. (Dkt. 1-1, at 3.) A week later plaintiff was informed that his visitation rights with his family were being suspended for twelve months, rather than for the more common three months. (*Id.*) Plaintiff states that he appealed the prison's restriction administratively, but the temporary suspension of contact visits was upheld.

## II. DISCUSSION

Plaintiff does not and cannot specify how his constitutional rights were violated by the defendants' decision to suspend contact visits with his family for twelve months based on defendants' finding that his wife attempted to smuggle contraband into the prison. Prisoners have no constitutional right while incarcerated to contact visits. *Gerber*, 291 F.3d at 621; *see Dunn v. Castro*, 621 F.3d 1196, 1202–04 (9th Cir. 2010) (finding that officers had qualified immunity from Section 1983 action because there was no clearly established right to contact visits for children, particularly when visitation was suspended only for 18 months rather than permanently); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons other than his immediate family); *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam) (holding that prisoners do not have a constitutional right to contact visitation privileges).

## III. CONCLUSION

The Court recommends **DISMISSING** this matter for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). The Court also recommends **DENYING** plaintiff's IFP application (Dkt. 1) as moot.

The Clerk is directed to send a copy of this Report and Recommendation to plaintiff and

to the Honorable James L. Robart.  Any objections to this Recommendation must be filed no later than **August 15, 2012**; the matter will be ready for the Court's consideration on **August 17, 2012**.  Objections and responses shall not exceed five pages.  The failure to timely object may affect the right to appeal.

DATED this 25th day of July, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3